# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TOMMY GRALEY,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1202** (BOR Appeal No. 2047056)
                (Claim No. 2011019885)

**WINCHESTER MINE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tommy Graley, by Samuel F. Hanna, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Winchester Mine, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 14, 2012, in which the Board affirmed a February 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 10, 2011, decision denying Mr. Graley's application for workers' compensation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Graley worked as a foreman and fireboss for Winchester Mine, LLC. He alleges that he was operating a jeep at work, on July 15, 2010, when it jerked and spun out of control and caught his hand. The medical records of Eric Stollings, PA-C, and Sammar Atassi, M.D., do not mention any symptoms or complaints in regard to Mr. Graley's right wrist or any incident on July 15, 2010. Prasadarao B. Mukkamala, M.D., concluded that if an incident occurred on July 15, 2010, that Mr. Graley has fully healed from this incident. The claims administrator denied Mr. Graley's application for workers' compensation benefits.

1

The Office of Judges affirmed the claims administrator's decision and held that the record fails to constitute a credible, preponderant, evidentiary foundation that Mr. Graley incurred an injury to his right wrist on July 15, 2010, in the course of and as a result of his employment. On appeal, Mr. Graley disagrees and asserts that based on the report of Jason M. Prigozen, M.D., the claim should be held compensable. Winchester Mine, LLC maintains that the medical records from Dr. Atassi, who examined Mr. Graley shortly after the incident, failed to mention any complaints of the alleged injury to Mr. Graley's upper right extremity. Winchester Mine, LLC further maintains that Dr. Prigozen's records describe the injury as a fall and this fall occurred on a different date and was unrelated to the motor vehicle accident that occurred on July 15, 2010.

The Office of Judges concluded that the record failed to establish that Mr. Graley incurred an injury to his right wrist on July 15, 2010. Mr. Stollings, and Dr. Atassi saw Mr. Graley shortly after the alleged incident and none of their records mention any symptoms or complaints in regard to Mr. Graley's right wrist. The next sequential evidentiary report is the EMG from Glenn Goldfarb, M.D., on October 15, 2010. The Office of Judges found that Dr. Goldfarb's EMG report revealed right upper extremity problems but noted that Mr. Graley had been experiencing right hand pain and weakness for only a week prior to the EMG evaluation. The Office of Judges further found that Dr. Prigozen's report failed to make any reference or correlation between the right upper extremity diagnosis and the incident of July 15, 2010, but instead discussed a separate incident that occurred on September 2, 2010. The Office of Judges determined that the emergency room records from Kanawha City HealthPlus from December 13, 2010, listed diagnoses related to the right wrist but was largely illegible. In the Kanawha City HealthPlus records, there was no legible reference or correlation of the diagnosis to the July 15, 2010, incident. Also, Dr. Mukkamala opined that based on the medical evidence he is unable to establish any correlation between Mr. Graley's right wrist condition and the July 15, 2010, or the September 2, 2010, incident. The Office of Judges concluded that none of the medical evidence submitted demonstrated a sufficient link of the condition to the July 15, 2010, incident and denied Mr. Graley's application for workers' compensation benefits. The Board of Review reached the same reasoned conclusions in its decision of September 14, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 11, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum